UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

B & C MARINE, LLC d/b/a MAGNOLIA BELLE
RIVER BOAT CRUISES & M/V MAGNOLIA            CIVIL ACTION

VERSUS                                        No. 12-1015

SYLVIA CABIRAN                                SECTION "B"(2)

### ORDER AND REASONS

Before the Court is Defendant's (Cabiran) Motion to Dismiss (Rec. Doc. No. 3), and Plaintiff's (B&C Marine, LLC) Opposition thereto. (Rec. Doc. No. 4).[1] Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 3) is **DENIED**.

This action arises from Plaintiff's petition to this Court to remove a lien from the M/V Magnolia Belle. (Rec. Doc. No. 1 at 1).[2] Plaintiff asserts that on July 14, 2006, Defendant made a fraudulent seaman's lien against the M/V Magnolia Belle. *Id.* at 2.

---

[1] Defendant also moves to Strike or Restrict Public Access of an evidentiary exhibit from Plaintiff's Complaint and for Sanctions under F.R.C.P. Rule 11. (Rec. Doc. No. 3). In its Opposition, Plaintiff also moves to deem Defendant's Motion as an Answer and strike Defendant's exhibits. (Rec. Doc. No. 4).

[2] Along with the removal of the lien, Plaintiff also seeks claimed damages, together with pre-judgment interest, post-judgment interest, punitive damages, cost, expenses, and attorney's fees. (Rec. Doc. No. 1 at 4).

The petition also asserts Defendant was not an employee of B&C Marine, LLC, and Defendant wrongfully put a lien on the vessel for personal gain without trying to show a connection to the vessel. *Id.* at 2. Plaintiff contends that Defendant's fraudulent lien has prohibited the M/V Magnolia Belle from receiving "necessary inspections, repairs, and maintenance" required to stay in service, and Defendant's alleged abuse of the legal system has been financially draining to the business. *Id.* Defendant timely filed a motion to dismiss. (Rec. Doc. No. 3).

Defendant contends that there is neither federal question nor federal subject-matter jurisdiction in this case. *Id.* at 2. Specifically, Defendant contends that this case does not satisfy the required criteria for admiralty jurisdiction because it is "merely an outgrowth of the parties' divorce case." *Id.*[3] Secondly, Defendant contends that the legal doctrine of *res judicata* bars Plaintiff from bringing this claim. *Id.* at 10. Defendant asserts that the same issues were brought up by Baer, President of B&C Marine, LLC and the ex-husband of Defendant, in removing a related action from state court to this Court in 2010. (Rec. Doc. No. 1 at 5); (Rec. Doc. No. 3 at 2); *Id.* at 10. Originally, Cabiran, then Plaintiff, filed suit against Baer in

---

[3] Defendant specifically argues that the requirements of *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 253-54 (1972). These requirements are: (1) A potential impact on maritime commerce, (2) bears a substantial relationship to traditional maritime activity, and (3) occurs on navigable water. *Executive Jet*, 409 U.S. at 268.

Orleans Parish Civil District Court, and subsequently B&C Marine, LLC filed a petition of intervention and timely removed the action to this Court. (Rec. Doc. No. 12 at 2). B&C Marine, LLC based the removal action on both the federal question of admiralty jurisdiction and diversity of citizenship. *Id.*

First, this Court found there to be no basis for diversity of citizenship under the § 1332 claim. *Id.* at 5.[4] Secondly, this Court found that admiralty jurisdiction did not exist because "the existence of a maritime lien alone does not satisfy the three prongs of *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 253-54 (1972)." *Id.*[5] Because Cabiran's suit was filed to collect on promissory notes that were allegedly owed by Baer, this Court ruled that Cabiran's claim lacked the "substantial relationship" to traditional maritime activity necessary to find admiralty jurisdiction. *Id.*

Since this Court found the prior claim lacked a basis for federal jurisdiction, the case was remanded to state court, where the case remains open and unlitigated. (Rec. Doc. No. 3 at 10). Defendant argues that since "it has already been decided by this

---

[4] Specifically, this Court found that diversity was not established before the suit was filed, and B&C Marine, LLC's place of incorporation and principal place of business were both in Louisiana, the same state as Cabiran's domicile or residence. (Rec. Doc. No. 12 at 5).

[5] The requirements of *Executive Get Aviation, Inc.* include: (1) A potential impact on maritime commerce; (2) bears a substantial relationship to traditional maritime activity; and (3) occurs on navigable water. *Executive Jet Aviation Inc.*, 409 U.S. at 268.

Court that this is a state issue more properly situated in state court," Plaintiff should be barred from bringing the current claim in Federal court. *Id.* at 11.

Plaintiff contends that admiralty law governs the only issue presented in this case and presents a federal question. (Rec. Doc. No. 4 at 2). Plaintiff relies on 46 U.S.C. § 31343 which gives federal district courts admiralty jurisdiction over actions seeking a declaration that a vessel is not subject to a lien. *Id.* In particular, Plaintiff contends that the subject claim does not arise out of the divorce proceedings between Cabiran and non-party Baer because it involves a seaman's lien, independent of any divorce proceedings, against the M/V Magnolia Belle and B&C Marine, LLC.

Secondly, Plaintiff contends that this action to remove the maritime lien is a separate action from the state court suit. *Id.* at 5. Plaintiff argues that the prior lawsuit was brought by Cabiran against Baer, and B&C Marine, LLC intervened in the lawsuit only to make a claim against Ms. Cabiran for breach of fiduciary duty. *Id.* Plaintiff states that B&C Marine, LLC never sought the removal of the lien that is the issue in this lawsuit. *Id.* Additionally, Plaintiff believes that "due to [federal] jurisdiction over the removal of a lien from a vessel" the instant claim could not have been brought in Civil District Court. *Id.*

**I.   Lack of Subject Matter Jurisdiction: Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits a suit to be dismissed for "lack of subject-matter jurisdiction" as set forth in: (1) the complaint; (2) the complaint supplemented by undisputed facts supplied in the record; or 93) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.2d 657, 659 (5th Cir. 1996). The burden of proof rests with the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995).

When a court is presented with a 12(b)(1) motion in conjunction with another Rule 12 motion, the court should consider the 12(b)(1) motion first before addressing any motion on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). This prevents a court from prematurely dismissing a case with prejudice. *Id.* The court's dismissal based on Rule 12(b)(1) is not a determination on the merits of a lawsuit. *Id.* This dismissal does not prevent the plaintiff from pursuing the claim in a court with proper jurisdiction. *Id.*

The Constitution extends federal judicial power to cases of admiralty and maritime jurisdiction, but "the precise scope of admiralty jurisdiction is not a matter of obvious principle or of very accurate history." U.S. Const. Art. III, § 2; *The Blackheath*,

195 U.S. 361, 365 (1904). Admiralty jurisdiction is not confined to vessels alone, but jurisdiction is logically focused around a vessel, "the great agent of maritime enterprise and affairs." *In re Ingram Barge Co.*, 435 F.Supp.2d 524, 529 (E.D.LA 2006) *quoting* Benedict, Admiralty § 61 (6th ed. 1940). Under 28 U.S.C. § 1333, federal district courts have original jurisdiction, exclusive of the courts of the States over civil cases of admiralty or maritime jurisdiction. "In general terms, admiralty jurisdiction relates to things occurring on or to vessels or as a result of employment of vessels." *Luna v. Star of India*, 356 F.Supp. 59, 63 (S.D. Cal. 1973).

In particular, the Maritime Lien Act[6] assigns federal district courts jurisdiction under 46 U.S.C. § 31343, which is designated for "civil actions in Admiralty to declare that a vessel is not subject to a lien claimed under [the Maritime Lien Act], or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties."

In this case, Plaintiff's claim concerns the removal of a maritime lien placed on the M/V Magnolia Belle. (Rec. Doc. No. 1). Defendant admits that this maritime lien was established pursuant

---

[6] The Maritime Lien Act covers 46 U.S.C. § 31301-31343.

to 46 U.S.C. § 31342,[7] a section of the Maritime Lien Act. (Rec. Doc. No. 3 at 8). Although Defendant argues that there is no federal jurisdiction in this claim, Section 31343 of the Maritime Lien Act specifically addresses the claim at issue. Because the Maritime Lien Act requires district courts to resolve this issue, federal question jurisdiction is proper on a limited basis.

**II.  Res Judicata**

In her next argument, Defendant contends that based on the doctrine of *res judicata* the case should be dismissed. "Under the [federal] doctrine of *res judicata* or claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n.5 (1979). In order to satisfy the doctrine of *res judicata* a court must find: (1) a final judgment on the merits; (2) same parties or in privity to the parties; and (3) the same cause of action. *Id.*

The Supreme Court has defined as "final" only decisions that "end the litigation on the merits and [leave] nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945). In *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489,

---

[7] 46 U.S.C. § 31342 states: "Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner—(1) has a maritime lien on the vessel; (2) may bring a civil action *in rem* to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel. (b) This section does not apply to a public vessel."

492-493 (5th Cir. 1996), the 5th Circuit concluded that even if a case is remanded to state court, a party is not precluded from asserting federal jurisdiction on a different ground. In particular, the Circuit found that a "remand order that expressly addresses the theory of federal jurisdiction does not have *res judicata* effect" on a future claim that arises from a "new factual basis". *Id.* at 493.

The earlier case was remanded to state court. (Rec. Doc. No. 12). Plaintiff is not precluded from basing a second claim on federal question jurisdiction because the claim raises a new factual basis. Plaintiff's claim is based on federal question jurisdiction under 46 U.S.C. § 31343, which was not at issue in the prior case. Secondly, the case remanded to trial court remains open and unlitigated, so there is no final judgment on the merits for the previous case at issue. (Rec. Doc. No. 3 at 10). Defendant's argument fails. There must be a final judgment on the merits to invoke the doctrine of *res judicata*. *Parklane*, 439 U.S. at 326. Since there is no final judgment on the merits, the other elements of *res judicata* will not be considered. Further, the factual basis for jurisdiction here is different from the earlier removed action.

**III. Frivolous Lawsuit for Failure to State a Claim**

When reviewing a motion to dismiss, courts must accept all well pleaded facts as true and view them in the light most

favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)) (internal quotations omitted). The Supreme Court in *Iqbal* and *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Id.* The plaintiffs must "nudge[] their claims across the lines from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Accepting Plaintiff's well-pleaded facts as true, the Complaint contains sufficient factual matter to raise a claim for the removal of a maritime lien under 46 U.S.C. § 31343 above the speculative level; the reasonable inference, based off the facts presented, is that Defendant placed a maritime lien against the M/V Magnolia Belle under 46 U.S.C. § 31342. The Defendant's actions lead to the inference from the Complaint and Opposition that it is possible that the lien was obtained fraudulently because Defendant has not satisfied the necessary requirements under 46 U.S.C. § 31342. (Rec. Doc. No. 4 at 3).[8] Specifically, Plaintiff alleges that Defendant placed a fraudulent lien on the vessel because she did not provide "necessaries" to the M/V Magnolia Belle required by 46 U.S.C. § 31342. *Id.* Plaintiff relies on the fact that Defendant only performed legal work, and this type of work is not included in the definition of "necessaries" under Federal law. *Id.*[9] Secondly, Plaintiff also relies on the fact that Defendant was not an

---

[8] The pertinent sub-section of 46 U.S.C. § 31342 provides that "…a person providing necessaries to a vessel … (1) has a maritime lien on the vessel."

[9] Section 31301(4) of the Maritime Lien Act defines "necessaries" as "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). "The list is not exhaustive, and in fact, modern admiralty jurisprudence interprets "necessaries" broadly, as anything that facilitates or enables a vessel to perform its mission or occupation. *Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 603 (5th Cir. 1986).

employee of B&C Marine, LLC and under 46 U.S.C. § 31301(5),[10] she cannot make her lien for unpaid wages because she admitted she was not employed by B&C Marine, LLC. *Id.* at 4.

Defendant's arguments that the claim for relief is frivolous and that Plaintiff failed to sufficiently allege the fraudulent nature of the maritime lien both fail. The language of 46 U.S.C. § 31342 specifically provides federal recourse for the removal of a maritime lien, and Plaintiff has alleged sufficient facts regarding the fraudulent nature of the maritime lien to survive dismissal. Plaintiff has sufficiently pled a claim for which Plaintiff may obtain relief.

## CONCLUSION

The Maritime Lien Act, 46 U.S.C. § 31343, provides a statutory basis for the exercise of a district court's admiralty jurisdiction. In this case, B&C Marine, LLC brought a claim to remove a maritime lien placed on the M/V Magnolia Belle. Because of the nature of Plaintiff's claim, which is based on federal question jurisdiction, this case is properly before us.

Secondly, the doctrine of res *judicata* cannot be invoked in this case because the prior case, still open in Civil District Court, does not have a final judgment on the merits.  Further, the

---

[10] 46 U.S.C. § 31301(5) defines "preferred maritime lien" as a maritime lien on a vessel which is " (A) arising before a preferred mortgage was filed under section 31321 of this title ; (B) for damage arising out of maritime tort; (C) for wages of a stevedore when employed by a person listed in section 31341 of this title; (D) for wages of the crew of the vessel; (E) for general average; or (F) for salvage, including contract salvage.

-11-

prior action is factually and legally distinguishable from the instant action.

Accordingly, Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana this 13th day of July, 2012.

                                                                     UNITED STATES DISTRICT JUDGE