UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

B&C MARINE, LLC d/b/a MAGNOLIA BELLE            CIVIL ACTION
RIVER BOAT CRUISES & M/V MAGNOLIA

VERSUS                                          NO. 12-1015

SYLVIA CABIRAN                                  SECTION "B"(2)

## ORDER AND REASONS

Before the Court are Defendant Sylvia Cabiran's ("Defendant") Motion to Reconsider her Motion to Dismiss and Plaintiff B&C Marine, LLC's ("Plaintiff") Opposition to the motion (Rec. Docs. No. 9 & 10). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's Motion to Reconsider is **DENIED**.

### Cause of Action and Procedural History of the Case:

This action arises from Plaintiff's petition to this Court to remove a lien from the M/V MAGNOLIA BELLE. (Rec. Doc. No. 1 at 1). Plaintiff alleges that on July 14, 2006, Defendant made a fraudulent seaman's lien against the M/V MAGNOLIA BELLE. *Id.* at 2. Defendant filed a timely motion to dismiss, alleging lack of subject matter jurisdiction. (Rec. Doc. No. 3 at 2). Defendant argued that the case did not satisfy the required criteria for admiralty jurisdiction because it is "merely an outgrowth of the parties' divorce case." *Id.* Defendant further argued that the doctrine of *res judicata* barred the claim. (Rec. Doc. No. 3 at 2). Defendant asserted that because a previous claim against the

President of B&C Marine, LLC, who is also Defendant's ex-husband, was remanded to state court by this Court for lack of subject matter jurisdiction, Plaintiff should be barred from bringing the current claim in federal court.  *Id*. at 11.  Finally, Defendant argued that Plaintiff's claim should be dismissed as a "frivolous complaint."  *Id*.

This Court rejected Defendant's arguments in its Order and Reasons issued July 13, 2012.  (Rec. Doc. No. 8).  First, this Court ruled that Section 31343 of the Maritime Lien Act specifically addresses the claim at issue, and therefore federal question jurisdiction is proper on a limited basis.  *Id*. at 7.  Second, this Court ruled that *res judicata* did not bar Plaintiff's current claim for two reasons: (1) the current claim raises a new factual basis; and (2) there was no final judgment on the merits in the previous claim which was remanded to state court.  *Id*. at 8.  Finally, the Court rejected Defendant's motion to dismiss the complaint as frivolous, finding that Plaintiff had sufficiently pled a claim for which Plaintiff might obtain relief.  *Id*. at 11.

In her instant Motion for Reconsideration, Defendant reurges dismissal only on the grounds that the complaint is frivolous.  (Rec. Doc. No. 9).

Law and Analysis:

A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not provide for a

"Motion for Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment. See *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Hamiliton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 383 (5th Cir. 1998). In order to be timely filed, a Rule 59(e) motion must be filed within twenty-eight days of the judgment or order of which the party complains. Fed. R. Civ. P. 59(e). Otherwise, a motion for reconsideration will be considered as a Rule 60(b) motion. *Freeman v. County of Bexar*, 142 F.3d 848, n.7 (5th Cir. 1998). It is undisputed that Defendant filed the instant motion for reconsideration well within 28 days from the Order and Reasons denying her original Motion to Dismiss. (Rec. Docs. No. 9 & 10). Accordingly, Defendant's motion is considered a Rule 59(e) motion to alter or amend a judgment.

B. Rule 59(e) Motion to Alter or Amend Judgment

A district court has "considerable discretion" to grant or deny a motion for reconsideration under a Rule 59(e) standard. *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F.Supp.2d 769, 771 (E.D. La. 2004), citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th cir. 1990), abrogated on other grounds by *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). "A court's reconsideration of a prior

3

order is an extraordinary remedy which should be used only sparingly." *Flynn*, 348 F.Supp.2d at 771, citing *Fields v. Pool Offshore*, No. Civ. A. 97-3170, 1998 WL 43217 at *2 (E.D. La. Feb. 3, 1998, aff'd 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Civ. A. No. 93-3590, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). In order to prevail on a motion for reconsideration under a Rule 59(e) standard, a moving party must satisfy at least one of the following criteria:

>     (1) the motion is necessary to correct a manifest error of
>     fact or law;
>     (2) the movant presents newly discovered or previously
>     unavailable evidence;
>     (3) the motion is necessary in order to prevent manifest
>     injustice; or
>     (4) the motion is justified by an intervening change in the
>     controlling law.

*Flynn*, 348 F.Supp.2d at 771, citing *Fidelity & Deposit Co. v. Omni Bank*, No. Civ. A. 99-1167, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Jupiter v. BellSouth Telecomms., Inc.*, No. Civ. A. 99-0628, 1999 WL 769218, at *1 (E.D. La. Oct. 5, 1999); *Burma Navigation Corp. v. Seahorse*, No. Civ. A. 94-0795, 1998 WL 781587, at *1 (E.D. La. Nov. 3, 1998); *Fields*, 1998 WL 43217, at *2. A motion for reconsideration on the basis of new evidence is only granted if the evidence: (1) would probably change the outcome; (2) <u>is actually newly discovered and could not have been discovered earlier by proper diligence</u>; and (3) is not merely cumulative or impeaching. *Infusion Res., Inc. v. Minimed, Inc.* 351 F.3d 688, 696-97 (5th Cir. 2003), emphasis added. Although the Court liberally construes the

4

pleadings of *pro se* litigants like Defendant, and applies less stringent standards than to parties represented by counsel, Defendant is still required to make an attempt to "reasonably comply" with the standards of the Federal Rules.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Here, Defendant fails to cite any of the above criteria as the basis for her Motion for Reconsideration, but argues that she is entitled to reconsideration of her Motion to Dismiss on the basis of "substantial evidence that [Defendant] was connected to [Plaintiff], that she worked as an employee of [Plaintiff] ... and she placed her lien on [the] vessel for labor performed on the [vessel]."[1]  (Rec. Doc. No. 9 at 1).  Defendant admits that the Court applied the correct standard of law to her Motion to Dismiss and makes no argument for a manifest error of fact, so the first and fourth criteria for reconsideration under Rule 59(e) are inapplicable. *Id*. at 7 ("a well-pleaded complaint may proceed even if a judge believes 'that actual proof of those facts is

---

[1] Defendant also makes allegations that Plaintiff's argument is made based on deposition responses made by Defendant when "she was emotionally upset," and "she felt tricked into answering questions," and further alleges that the depositions were improperly noticed. (Rec. Doc. No. 9 at 2-3). Neither of these arguments fall under the criteria in Rule 59(e) as bases for reconsideration.  Further, Federal Rule of Civil Procedure 30(e) provides the proper method for a deponent to make changes to the substance of his deposition testimony within 30 days of being notified by the court reporter that the transcript of the deposition is available. *See Reed v. Hernandez*, 114 Fed. Appx. 609, 611 (5th Cir. 2004), citing Fed. R. Civ. P. 30(e) (upholding a district court's decision not to consider the plaintiff's deposition errata sheets in opposition to a motion for summary judgment when they were untimely).  Further, objections to the notice of the deposition are waived unless promptly raised.  *See* Fed R. Civ. P. 32(d)(1)("An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice").

5

improbable, and that a recovery is very remote and unlikely.'"). Further, Defendant is not precluded from urging her argument on the merits on a motion for summary judgment or at trial, therefore reconsideration is not necessary to "prevent manifest injustice" under the third criteria of Rule 59(e).

Therefore, only the second criteria for reconsideration, wherein "the movant presents newly discovered or previously unavailable evidence" remains. However, Defendant does not allege that this evidence is newly discovered or that the evidence was unavailable to her before. *Id.* at 3-4. To the contrary, Defendant also refers to evidence previously submitted in her briefing to the Court in support of her Motion to Dismiss. *Id.* Therefore, Defendant does not meet the standard for reconsideration under Rule 59(e).

New Orleans, Louisiana, this 8th day of March, 2013.

UNITED STATES DISTRICT JUDGE